# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:22CR8-1 |
| | ) | |
| JARRETT HOBBS | ) | |

## ORDER

On September 12, 2022, United States Probation Officer F.J. Carney petitioned the Court for a Warrant or Summons for Offender under Supervision alleging Defendant Jarrett Hobbs ("Defendant") violated several conditions of supervision by committing local, state or federal crimes, unlawfully possessing and using a controlled substance, and leaving the judicial district without the permission of the Court or probation officer. The case thereafter came before the Court for a hearing on a motion for detention and preliminary revocation on whether probable cause exists to believe that the violations occurred as alleged in the petition.

Based upon the evidence presented at the hearing, the Court finds probable cause to believe that Defendant violated the terms of his supervised release. At the hearing, Officer Carney testified as to Defendant's violations. As to the first violation, Officer Carney testified that Defendant was arrested by the Camden County Sheriff's Office ("CCSO"), near the Florida line in Camden County, Georgia, for Misdemeanor Speeding, Misdemeanor Driving While License Suspended or Revoked, and Felony Possession of a Schedule I Controlled Substance.

1

As to the second violation, which occurred on the same day as the first violation, September 3, 2022, Officer Carney testified that Defendant was arrested by the CCSO for Misdemeanor Battery, Misdemeanor Simple Battery on a Peace Officer, Misdemeanor Simple Assault, Felony Aggravated Battery, Felony Obstruction of an Officer, Misdemeanor Obstruction of an Officer, a second Felony Obstruction of an Officer, and a second Misdemeanor Obstruction of an Officer. According to Officer Carney, while Defendant was in custody at the CCSO complex in Woodbine, Georgia, jailers heard a large banging from Defendant's holding cell. Defendant was reportedly kicking his cell door and was told by jailers to stop after already being warned to stop previously. Officer Carney testified that Defendant apparently continued this kicking, resulting in the jailers approaching him, giving him verbal commands, and putting his hands behind his back. However, Defendant allegedly did not comply and responded to the jailers saying "I ain't doing shit." After the jailers reportedly continued to give him orders and approached him, Defendant tensed up, pulled away, and a physical altercation between Defendant and the jailers ensued. According to Officer Carney, Defendant resisted the jailers, and subsequently punched one deputy in the face while punching another deputy in the side of the head. One deputy sustained a bruised eye and a broken hand as a result of the incident. Officer Carney did note that the report reflected that Defendant was struck in the head by one of the correctional officers, although Officer Carney is unaware of the exact sequence of events.

As to the third violation, Officer Carney testified that Defendant tested positive for marijuana on three occasions between January 25, 2022 and July 27, 2022. Also on December

8, 2021, Defendant admitted to using marijuana a fourth time, however, there was no test taken.

Finally, as to the fourth violation, Officer Carney testified that Defendant traveled outside the judicial district to Georgia, without obtaining permission from the Court or probation officer, on September 3, 2022. The probation officer found out about Defendant's travel to Georgia after Defendant's arrest.

Additionally, Officer Carney further testified about Defendant's general adjustments to supervision. Defendant migrated to the Middle District of North Carolina with the support of his girlfriend, Carla Bostic. Defendant made several goals and worked towards reaching those goals including sustaining gainful employment at UPS. Defendant's relationship with Ms. Bostic begin to deteriorate in January 2022 and continued to decline over the next several months. In May 2022, Ms. Bostic provided a video to Officer Carney which depicted a dispute between her and Defendant in which Defendant physically damaged a vehicle belonging to Ms. Bostic. By June 2022, Defendant was no longer living in the residence with Ms. Bostic. Defendant later shared with Officer Carney that he had not disclosed everything about his former life with Ms. Bostic and that those issues were now resurfacing in Greensboro. At the time, Defendant believed his life was in danger and he did not want to endanger Ms. Bostic or her daughter. In August 2022, Defendant was involved in another incident in which he arrived at Ms. Bostic's residence while she was not present although her daughter was there.

Officer Carney further testified that Defendant suffers from mental health issues, including being diagnosed with unspecified trauma, stress-related disorder, anxiety disorder,

3

and moderate cannabis-use disorder. Officer Carney noted that Defendant has been prescribed medication for these issues. Office Carney testified that the deterioration of Defendant's mental health correlated with the death of two individuals close to him in Florida (one of which was a cousin) and that Defendant subsequently indicated to Officer Carney that he used marijuana to cope with the loss. Defendant voluntarily enrolled in treatment services with a community provider, but later transferred to another provider after expressing concern about the level of care he was receiving. Although acknowledging that Defendant complied with his substance-abuse treatment and noting his previous employment with UPS, Office Carney nonetheless recommended that Defendant be detained. Although Ms. Bostic supports Defendant, Officer Carney does not believe that she is able to control Defendant.

Based upon the evidence presented at the hearing, the Court finds that there is probable cause to believe that Defendant has violated the terms of his release. A probable cause finding for a supervised release violator is constitutionally sufficient to warrant the releasee's continued detention pending the final revocation hearing in the matter. *See Morrissey v. Brewer*, 408 U.S. 471, 487 (1972) (holding that a finding of probable cause is sufficient ground for continued detention of a parole violator); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (holding that "a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in [*Morrissey*]"); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992) (applying *Morrissey* and *Gagnon* protections to revocations of supervised release); *see also* Fed. R. Crim. P. 32.1.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), a determination to release

Case 1:22-cr-00008-CCE   Document 19   Filed 10/20/22   Page 4 of 6

or detain a supervised release violator pending further proceedings is in accordance with 18 U.S.C. § 3143(a)(1). This section provides that the Court shall detain the supervised release violator unless the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or to the community if released . . . ." 18 U.S.C. § 3143(a)(1). "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).

Defendant proffered Ms. Bostic, as a potential third-party custodian. Ms. Bostic works as a social worker for Child Protective Services and has regular work hours. Ms. Bostic testified that she would report Defendant if he violated any conditions of his release. Ms. Bostic states that Defendant's behavior has improved since he has been on medication. Ms. Bostic also testified that she would not permit Defendant to use controlled substances in her home. Defense counsel presented the Court with a letter from UPS, however, despite the letter noting Defendant's great leadership qualities and integrity, it did not ensure Defendant's continued employment upon release.

Having considered the information presented, the Court finds that there is clear and convincing evidence that no condition or combination of presently-available conditions will reasonably assure that Defendant will not pose a danger to the community. Defendant's conduct under the instant offenses demonstrates his inability to comply with the rules of this Court. Defendant does not appear to have current employment, and the proffered third-party custodian is not suitable under the circumstances. Ultimately Defendant has not met his

burden in this matter.

    IT IS THEREFORE ORDERED that the Motion for Detention by the United States is GRANTED and Defendant shall be held in custody until the final revocation hearing in this matter.

    This, the 20th day of October, 2022.

/s/ Joe L. Webster<br>
Joe L. Webster<br>
United States Magistrate Judge